**JONES et al. v. KNAUR.    (No. 9964.)***

Court of Civil Appeals of Texas. Dallas.
May 23, 1927.

Writ of Error Granted Nov. 16, 1927.

1. **Partnership** ☞20—**Contract for operation of phonograph department in defendant's stores held to create relationship of partners, not master and servant, or principal and agent.**

Contract for operation of phonograph department in defendant's stores *held* not to create relationship of employer and employee, or principal and agent, but only that of partners.

2. **Partnership** ☞283—**Dissolution of partnership agreement held not to relieve defendant from liability on agreement to exercise diligence to collect accounts.**

Voluntary dissolution of partnership, under which plaintiff had been conducting phonograph departments in defendant's stores, *held* not to relieve defendant from its obligation under contract to make diligent effort to collect all accounts of such departments, nor did it affect provision of contract relieving defendants from liability for failure to collect all accounts.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Action by J. S. Knaur, Jr., against J. L. Jones and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

M. S. Church and Coker & Wilson, all of Dallas, for appellants.

McCormick, Bromberg, Liftwich & Carrington, of Dallas, for appellee.

VAUGHAN, J. Appellee, J. S. Knaur, Jr., by his petition filed May 20, 1926, in the court below sued appellants J. L. Jones, E. O. O'Neal, and J. A. Allen, as copartners engaged in the mercantile business at Beaumont, Port Arthur, Orange, Silsbee, and Port Neches, Tex., under the firm name and style of Jones-O'Neal Furniture Company. Appellee alleged, in substance, that pursuant

to the terms and provisions of a certain contract in writing, duly made by and between appellee and appellants on the 17th day of March, 1925, he undertook and prosecuted the management of a phonograph department in appellants' several stores above named until on or about the 31st day of July, 1925, at which time the operations of said phonograph department ceased in each of said places of business; that by virtue of the operation of said phonograph departments during said time appellants became obligated and bound to pay appellee the following amounts: (a) $1,507.63, being 15 per cent. of the gross sales of the department, less the amounts theretofore drawn by appellee; (b) $1,380.71, being one-half of the cash on hand after the payment of rents, advertising, shortage, and commission; (c) $2,376.45, less the sum of $1,380.71, or $1,188.22, being net profits. Appellee sought judgment in the sum of $4,500, the aggregate amount of the several sums claimed by him. Appellants answered by general demurrer, general denial, and in addition thereto specially denied that the contract sued upon, properly construed, created between the parties the relationship of employer and employee, or that of principal and agent, or that of partners, and denied that they, or either of them, were indebted to appellee in any sum of money, or that they, or either of them, had failed to account to appellee for any funds or goods that had come into their hands by reason of said contract and operations thereunder, and further denied that they, or either of them, had in their possession funds or goods which appellee was entitled to receive or demand of them. Trial was had before the court without a jury on the 9th day of July, 1926, resulting in judgment in favor of appellee against appellants for the sum of $2,322.51. Under the view we take of this case, we deem it necessary to discuss only the questions presented anent the ruling of the court on appellants' general demurrer to appellee's petition and the construction as to the legal effect of the contract sued upon.

[1] The general demurrer was overruled by the court undoubtedly upon the theory that the contract declared upon created a personal liability in favor of appellee against appellants, thereby construing the contract to be one of employment, the appellee being the employee and appellants the employers. To this construction we cannot accede as the very language of the contract, free from any strained construction, repels the creation of any other relationship between appellants and appellee than that of copartners, limited, it is true, in its operation to the purchase and sale of phonographs, radios, and accessories. There is no occasion to resort to the subterfuge of placing the parties to this contract in the attitude of joint adventurers in order

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted November 16, 1927.

to hold them responsible one to another, in accordance with the terms of their contract, neither party being a corporation. However, if there was any doubt about the language of the contract creating a copartnership for the specific purpose of conducting the radio and phonograph business, the effect of same on the corresponding rights, liabilities, and duties of the parties would be the same, as the terms of the contract clearly indicate that it was a joint adventure or undertaking on the part of the parties to conduct a business enterprise in which each party thereto expected to reap a benefit and to bear the burdens thereof as apportioned and determined by the terms of their agreement.

The parties denominated the business enterprise they were to engage in as the "department," and it will be so referred to throughout this opinion. By the terms of the contract, appellants were to furnish the necessary stock to the department at the various stores above mentioned upon the requisition and report of appellee, viz., phonographs, phonograph records, radios, and accessories; to deliver all merchandise sold or sent out on approval from the department and take up all goods where necessary free of cost to the department; to do all the collecting of accounts for the department, that is, to make diligent effort to collect but not to be liable to the department for any accounts not collected; and to maintain at their expense an adequate system of bookkeeping for the department; to advertise the wares and merchandise of the department to an amount not to exceed 5 per cent. of the gross sales of the department, based upon the quarterly sales; and to furnish all heat, light, electric fans, and all water and stationery, except stamps, necessary for the business of the department. As to the division of benefits, appellants were to receive quarterly 10 per cent. of the gross sales from the department, and 8 per cent. interest on all deferred payments of stock sold out of the department, and to receive as rents $100 per month for the use of the space occupied by the department at Port Arthur, and $100 per month for the use of the space occupied by the department at Beaumont, and to maintain a repair shop for the merchandise of the department and to bear all expense incident thereto and receive all revenues derived therefrom, the department not to participate therein.

Appellee was obligated to the performance of the following duties in connection with conducting the affairs of the department: To furnish not less than two salesmen and not less than one saleslady, respectively, at Port Arthur and Beaumont, and such additional help as should be required to properly maintain the business, all of said help to be paid by him; to devote his entire time to the furtherance of the business of the department, dividing his time between the various stores as the business required; to take or cause to be taken a complete list of the stock in the department and the stock out on approval at least once every 30 days. As to the benefits, he was to receive 15 per cent. of the gross sales when the cash sales and collections were equal to that amount or more, out of which he was to pay certain running expenses of the department and was to receive at the end of each quarter, after the payment of all rents due, all charges for advertising, and deductions of all commissions drawn by appellee, as well as all other amounts drawn by him or advanced to him, one-half of the cash on hand or so much thereof as was necessary to pay off and discharge all commissions then due appellee from the operation of the department, and he was to receive the difference between the delivered costs of the goods, wares, and merchandise and the price for which same were sold. In arriving at this difference, the items and the deductions above mentioned were to be taken into account.

The language of the contract does not create the relationship of employer and employee, or that of principal and agent, but only that of partners. Appellee was not employed to conduct the business solely on behalf of and in the interest of appellants, or employed as a manager of the business conducted by the department, but he was actually interested in the outcome of the business as he was to ultimately receive all the profits earned thereby except that apportioned to be received by the appellants as above outlined. The division of the burdens and benefits to be borne and received by the parties to the contract, while unusual, in that same is a radical departure from the ordinary disposition of such matters between partners, comports with but one relationship or scheme of business, viz., that of a copartnership, as there was created by the agreement a joint undertaking to be financed by one of the parties, viz., the appellants, and maintained and conducted by them jointly for their respective benefits, as is manifest from the language employed by them to preserve in a state of certainty the relationship they had agreed to occupy one to the other in reference to the business to be conducted. The instrument is barren of any provision directly or indirectly obligating appellants to pay appellee any sum of money, likewise of any obligation on the part of appellee to perform any service solely for the benefit and in the interest of appellants. Appellee segregated and combined the following articles of the contract:

"(21) It is further agreed and understood by and between the parties hereto that J. S. Knaur, Jr., is to receive 15 per cent. of the gross sales when the cash sales and collections are equal to that amount or more.

"(22) It is further understood and agreed that J. S. Knaur, Jr., is to receive at the end of every quarter, after the payment of all rents due, all charges for advertising, and deductions of all commissions drawn by J. S. Knaur, Jr., as well as all other amounts drawn by him or advanced to him, one-half of the cash on hand or so much thereof as is necessary to pay off and discharge all commissions then due J. S. Knaur, Jr., from the operation of the department."

"(27) It is further agreed and understood by and between the parties that all profits are to be divided in the manner herein set out, and on the basis of delivered cost of the merchandise, and that J. S. Knaur, Jr., is to receive the difference between the delivered cost of the goods, wares, and merchandise and the price for which the goods, wares, and merchandise are sold. This basis, however, is to take into consideration the items and deductions hereinabove mentioned in this contract,"

—and made same the sole basis for his suit asserting personal liability against appellants. While this is not permissible, as every term of the contract should be looked to and given effect as a part of the integral whole, in order to determine its real meaning, yet even according to appellee the right to so treat the terms of the written agreement, no liability could be shown by said provisions, as by no construction of the language of same can it be made to appear that appellants became obligated thereby to pay appellee any sum of money under any or all of said provisions. By section 21, the effect was only to secure to appellee the right to receive from the business 15 per cent. of the gross sales when the cash sales and collections should equal or exceed that amount, and not as compensation to be received and enjoyed by appellee for his sole use and benefit, but as construed by him, for the purpose of paying certain running expenses of the department. His failure to receive the 15 per cent., or any part thereof, under said section, did not create a claim against appellants. It would but most naturally indicate that the purpose for which appellee had the right to withdraw from the department said 15 per cent., as provided for in said section 21, did not exist. Furthermore, even conceding that the right existed for him to withdraw said sum for his personal use and benefit, yet his failure so to do would leave the amount not so withdrawn as a part of the assets of the department, and as under the agreement, as reflected by section 27 of said contract, appellee was to receive all of the profits of the business, he could not be deprived of the benefits secured to him by said section 21.

Section 22 provided that appellee should receive at the end of each quarter one-half of the cash on hand, or so much thereof as necessary to pay off and discharge all commissions then due him from the operation of the department. In ascertaining the cash on hand for the purpose of such adjustment, said section provided that such division should be made of the cash on hand after deducting the payments of all rents due, all charges for advertising, and deductions of all commissions drawn by appellee, as well as all other amounts drawn by or advanced to him. As section 21 of the contract contained the only provision for the payment of commission, the reference to commission in section 22 was to the 15 per cent. commission provided for in section 21. Payments on this commission were required to be taken into account in arriving at the amount to be received by appellee out of the cash on hand, as the right to receive same was limited to such sum as should be required to pay off and discharge all commissions then due appellee, under the provision of section 21. Section 27 provided that all sums included in section 21 and section 22 should be taken into account in ascertaining the profits of the business. Therefore it is clear that it was not the purpose of the contracting parties to confer upon appellee the right to receive 15 per cent., under section 21, and one-half of the cash on hand at the end of every quarter, regardless of the amount he had received of the 15 per cent. provided for in section 21, but to the contrary, only to receive an amount of the cash on hand equal to one-half and no more, provided, however, that only so much thereof as should be necessary to pay off and discharge all commissions then due appellee under the provisions of section 21 should be received. In this connection, we think it well to say that in arriving at the profits to be received by appellee a full accounting and settlement as between partners, so generally well known and understood as not to require further comment, should be had, having regard for the provisions of the contract fixing the rights of the parties thereto. The trial court properly held that the contract was not ambiguous, but erred in holding that it created any relationship other than that of partners between appellants and appellee for the purpose of conducting the business limited to that of the department, as defined in the contract.

[2] As to the collection of accounts, appellants were required by section 12 to make diligent effort to collect all accounts in favor of the department, and because of the voluntary dissolution of the partnership, appellants were not relieved from that obligation, and neither was the provision of the contract that relieved them from liability for failure to collect any account impaired thereby. In order for a personal liability to have arisen against appellants in favor of appellee, it would have been necessary for appellants to have been guilty of such conduct as would have amounted to a conversion by them of assets belonging to the department. Of this they were not guilty because of their efforts to collect the accounts as they had contracted to do.

(299 S.W.)

From this discussion of the contract, we think it must be apparent that the court erred in overruling appellants' demurrer to appellee's petition in so far as same sought a personal recovery against appellants, but, in so far as same contained allegations relating to the copartnership and the adjustment of the rights of the parties, it was properly overruled. Appellee was entitled to a full accounting and settlement under the terms and provisions of the contract entered into. This, of course, will include the taking into account of all of the assets as of the date of dissolution, the subsequent disposition of such assets, including bills receivable, all expenses of the business, the cost of merchandise, operating, and all other expenses incident to or connected with the conduct of the partnership affairs. To this end it will be proper for the court to appoint a receiver, on application of either party, to take charge of the property on hand, the collection of outstanding obligations, and to make such disposition thereof as may be necessary to secure a proper accounting and settlement between the parties as copartners. It appearing from the record that there remains to appellee a cause of action for an accounting and settlement, which was not fully developed by the proceedings had in the court below, we are of the opinion that this cause should be reversed and remanded for further proceedings in accordance with this opinion, and it is so ordered.

Reversed and remanded.